## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| WESTERN TOWBOAT COMPANY, | IN ADMIRALTY |
| Plaintiff, | C.A. No. 20-416 |
| v. | COMPLAINT FOR BREACH OF MARITIME CONTRACT AND FOR DECLARATORY JUDGMENT |
| VIGOR MARINE, LLC, | |
| Defendant. | |

COMES NOW Plaintiff Western Towboat Company (hereinafter, "Western"), as and for its Complaint against Defendant Vigor Marine, LLC (hereinafter, "Vigor"), alleges and avers as follows.

**<u>JURISDICTION AND VENUE</u>**

1. This is an admiralty and maritime claim within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and within the meaning of Fed. R. Civ. P. 9(h) as it involves claims for enforcement of an ocean-going towage contract.

2. This action further is brought pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, in that an actual controversy exists between the parties, within this

COMPLAINT FOR BREACH OF MARITIME CONTRACT AND FOR DECLARATORY JUDGMENT - 1

**Gaspich Law Office PLLC**
8094 Barthrop Pl NE
Bainbridge Island, WA 98110
Tel. (206) 956-4204
Fax: (206) 956-4214

Court's admiralty and maritime jurisdiction, with Western requesting that this Court declare its rights and other legal relations concerning the relative responsibility, if any, of Western and Vigor arising out of the sinking of Vigor's Drydock YFD 70 (hereinafter, the "Drydock") on or about October 26, 2016, and also their respective liability, if any, for this incident to the United States under the Marine Sanctuaries Act, 16 U.S.C. Chapter 32.

3.    Venue is proper in this Court because the parties agreed, in Western's Standard Towage Agreement which is a subject of this action, as follows:

APPLICABLE LAW AND JURISDICTION

> This agreement shall be governed by the general maritime law of the United States or by the laws of the State of Washington in the event there is no applicable general maritime rule of law. The parties submit to the exclusive personal and subject matter jurisdiction of the courts located in Seattle, Washington with respect to any litigation arising out of this agreement, with the substantially prevailing party entitled to recover its reasonable legal fees and costs.

**PARTIES**

4.    Western is a corporation organized and existing pursuant to the laws of the State of Washington.  Vigor is a limited liability company organized and existing pursuant to the laws of the State of Oregon.

**FACTS**

5.    Vigor hired Western pursuant to Western's Standard Towage Agreement, to provide towage (tugboat) services for the Drydock from Seattle to Ensenada, Mexico (hereinafter, the "Tow").

6.    Vigor caused the Drydock be surveyed by Bowditch Marine, Inc., which held itself out to be a qualified marine surveyor and safety consultant.  Bowditch Marine, Inc. certified to Western that the Drydock could be safely made subject to the Tow, as follows:

> From examinations made and conditions found, it is our opinion that the Loading, Stowage, and Securing of components loaded and secured onboard Dry Dock YFD-

COMPLAINT FOR BREACH OF MARITIME CONTRACT AND FOR DECLARATORY JUDGMENT - 2

**Gaspich Law Office PLLC**
8094 Barthrop Pl NE
Bainbridge Island, WA  98110
Tel.  (206)  956-4204
Fax:  (206) 956-4214

70 at VIGOR Shipyard, Harbor Island, Seattle, Washington for a voyage towed by Tug OCEAN RANGER was found appropriately loaded without incident, lashed and secured in apparent good order, and conforms with normal custom and practice for towage of a Marine Industrial Dry Dock Platform from Seattle, Washington for a Coastal Voyage to Ensenada Mexico via the Puget Sound, the Straits of Juan de Fuca and then proceeding south.

7. Consequently, relying on Vigor's representations that the Drydock could be safely made subject to the Tow, Western entered into its Standard Towage Agreement with Vigor, to provide for the Tow at agreed rates.

8. The Standard Towage Agreement provided in part as follows:

> Hire. Customer [Vigor] shall pay Owner [Western] the lump sum hire identified above, which shall be fully and irrevocably earned upon commencement of services, even if the Tug, Tow and/or cargo is lost and/or the voyage is delayed, frustrated or cancelled, except to the extent loss, delay, frustration, or cancellation arises from the negligence or willful misconduct of Owner.
>
> * * *
>
> All other amounts due Owner [Western] shall be invoiced upon a reasonable interim basis or upon completion of services, at Owner's [Western's] option. All amounts shall be paid in U.S. currency without any deduction or setoff. Amounts due Owner [Western] which have not been paid shall accrue interest at the rate of one percent (1%) per month from date due until paid in full.

9. The Tow commenced October 17, 2016 from Seattle. Vigor was at all times in direction of the Tow, including Western's tug OCEAN RANGER which was conducting the Tow. Eight days later, on October 25, 2016, the Drydock began to take to take on water and list. At the time, the Tow was near the entrance of the San Francisco Bay. Vigor directed that Western proceed with the Tow into the Bay, but the U.S. Coast Guard refused this. Consequently, the Tow continued on towards Monterey. Vigor directed Western to tow the Drydock towards Monterey Bay, with the hope that Vigor's crews, which had been dispatched, might be able to meet the Drydock at or near Monterey Bay and fit the Drydock with apparatus to keep the Drydock afloat.

COMPLAINT FOR BREACH OF MARITIME CONTRACT AND FOR DECLARATORY JUDGMENT - 3

**Gaspich Law Office PLLC**
8094 Barthrop Pl NE
Bainbridge Island, WA  98110
Tel.  (206) 956-4204
Fax:  (206) 956-4214

10. The course that Vigor directed Western to take, however, was into the Monterey Bay National Marine Sanctuary.

11. Before the Vigor crews could arrive at the Drydock, the Drydock sank on October 26, 2016 in the Monterey Bay National Marine Sanctuary.

12. The sinking itself was through no fault of Western which at all times followed Vigor's directions. Specifically, the sinking was through no "delay, frustration, or cancellation aris[ing] from the negligence or willful misconduct of" Western.

13. Afterwards, Vigor learned from the U.S. National Oceanic and Atmospheric Administration ("NOAA") that the United States was considering action against Vigor for violation of the National Marine Sanctuaries Act, for having allowed the Drydock to sink in the Monterey National Marine Sanctuary. NOAA threatened that Vigor might be liable for remediation and related fines and expenses under that Act. Vigor, however, had directed Western to proceed into the Marine Sanctuary so that the Drydock could be more likely to meet with Vigor's crews and, possibly, be saved from capsizing. Taking the Tow into the Marine Sanctuary was done entirely at the command and direction of Vigor to Western, and therefore, the responsibility of Vigor.

14. After being cleared to depart by the United States Coast Guard, Western's tug OCEAN RANGER returned to Seattle, arriving June 29, 2016. Western on December 29, 2016 thereafter sent Vigor its invoice for the towage services rendered for the Tow in the total amount of $187,416.01. According to the Standard Towage Agreement which Vigor had agreed to, payment of this amount was due within thirty (30) days and subject to the interest terms quoted above.

15. Vigor failed and refused to pay this invoice for the towage services, despite its agreement, contending that Western somehow, despite Vigor's direction, was responsible

COMPLAINT FOR BREACH OF MARITIME CONTRACT AND FOR DECLARATORY JUDGMENT - 4

**Gaspich Law Office PLLC**
8094 Barthrop Pl NE
Bainbridge Island, WA 98110
Tel. (206) 956-4204
Fax: (206) 956-4214

for the Drydock sinking and also for the sinking of the drydock into the Monterey Bay Marine Sanctuary, giving rise to potential liability for Vigor under the National Marine Sanctuaries Act.

16.     NOAA has not rendered any report or conclusions concerning any liability for the sinking of the Drydock (or its removal).  Nevertheless, Vigor continues to refuse to pay Western's towage services despite Vigor's agreement to do so.

## COUNT I – BREACH OF MARITIME CONTRACT

17.     Western realleges and incorporates the foregoing paragraphs, as if fully set forth herein.

18.     Vigor, despite demand, has failed to pay Western the invoice amount for the Tow of the Drydock.

19.     Vigor represented to Western that the Drydock was suitable for the Tow, however, that was not the case.  The sinking of the Drydock occurred through no fault of Western, but due to the fault of Vigor.

20.     Vigor's obligation to pay for the Tow, as Western has invoiced to Vigor, has no connection to any potential liability assessed by the United States under the Marine Sanctuaries Act or otherwise.  It was at Vigor's direction that Western towed the Drydock into the Marine Sanctuary.  Vigor has no right of setoff against Western's invoice because, among other reasons, there has been no report assessing remediation costs, fines or any other amount whatsoever by the United States against Vigor (or Western) concerning the Tow (or Drydock).

21.     This Court therefore should grant Western judgment against Vigor, as demanded below.

COMPLAINT FOR BREACH OF MARITIME CONTRACT AND FOR DECLARATORY JUDGMENT - 5

**Gaspich Law Office PLLC**
8094 Barthrop Pl NE
Bainbridge Island, WA  98110
Tel. (206) 956-4204
Fax: (206) 956-4214

## COUNT II - DECLARATORY JUDGMENT

22. Western realleges and incorporates the foregoing paragraphs, as if fully set forth herein.

23. There is an actual controversy between Western and Vigor, namely which party, if either, is responsible for any remediation or other amounts which NOAA might assess in connection with the sinking of the Drydock within the Marine Sanctuary.

24. Western requests this Court to issue Judgment declaring that Western was not responsible for the sinking of the Drydock in the Marine Sanctuary, but at all times followed Vigor's directions, as it was contractually required to do, to tow the Drydock into the Marine Sanctuary to allow Vigor's crews to take action to keep the Drydock afloat.

25. Western further requests this Court to issue Judgment declaring that Western is not liable to Vigor, or through Vigor to the United States, for the sinking of the Drydock and that any and all liability for the sinking of the Drydock lies solely with Vigor.

26. Finally, Western requests this Court to issue Judgment declaring that Western has no liability to the United States concerning the sinking of the Drydock and, in the event the United States should assert a claim or bring an action against Western concerning the sinking of the Drydock, that Vigor must fully indemnify and defend Western against such action by the United States.

## PRAYER FOR RELIEF

WHEREFORE, Western prays for relief against Vigor as follows:

1. That in response to Count I, this Court enter judgment against Vigor for the principal amount of **$187,461.01**, plus contractual interest, attorneys' fees and costs to the date of judgment;

COMPLAINT FOR BREACH OF MARITIME CONTRACT AND FOR DECLARATORY JUDGMENT - 6

**Gaspich Law Office PLLC**
8094 Barthrop Pl NE
Bainbridge Island, WA 98110
Tel. (206) 956-4204
Fax: (206) 956-4214

2. That in response to Count II, that this Court issue a declaratory judgment as set out in Count II; and

3. That this Court grant Western such other legal and equitable relief as this Court deems just and proper.

DATED this 16th day of March, 2020.

| GASPICH LAW OFFICE PLLC | SIMMS SHOWERS LLP |
|---|---|
| s/ *Anthony J. Gaspich* <br> Anthony J. Gaspich, WSBA No. 19300 <br> 8094 Barthrop Pl NE <br> Bainbridge Island, WA 98110 <br> Tel   (206) 956-4204 <br> Fax  (206) 956-4214 <br> tony@gaspichwilliams.com <br><br> Attorneys for Plaintiff Western Towboat Company | s/ *J. Stephen Simms* <br> J. Stephen Simms (pro hac vice application pending) <br> 201 International Circle, Suite 250 <br> Baltimore, Maryland 21030 <br> Tel  (410) 783-5795 <br> Fax  (410) 510-1789 <br> jssimms@simmsshowers.com <br><br> Attorneys for Plaintiff Western Towboat Company |

COMPLAINT FOR BREACH OF MARITIME CONTRACT AND FOR DECLARATORY JUDGMENT - 7

Gaspich Law Office PLLC
8094 Barthrop Pl NE
Bainbridge Island, WA  98110
Tel.  (206)  956-4204
Fax:  (206)  956-4214