UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WESTERN TOWBOAT COMPANY,

    Plaintiff,

v.

VIGOR MARINE, LLC,

    Defendant.

No. C20-0416-RSM

ORDER GRANTING PLAINTIFF WESTERN TOWBOAT COMPANY'S MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Western Towboat Company (Western)'s unopposed Motion to Compel. Dkt. #23. On March 11, 2021, parties stipulated to extend the time for Defendant Vigor Marine, LCC ("Vigor") to file its response. Dkt. #26. However, as of the date of this Order, Vigor has filed no response to Western's Motion to Compel.

## II. BACKGROUND

The Court need not set forth a complete background of this case for purposes of resolving Western's motion. This admiralty and maritime action arises out of the sinking of Vigor's Drydock YFD 70 ("Drydock") on or about October 26, 2016 in the Monterey Bay Marine Sanctuary. Dkt. #1. After the Drydock's sinking, Vigor claims it took immediate action

ORDER GRANTING PLAINTIFF WESTERN TOWBOAT COMPANY'S MOTION TO COMPEL - 1

to minimize its exposure to penalties levied by National Oceanic and Atmospheric Administration ("NOAA") under the National Marine Sanctuaries Act. Specifically, Vigor claims that it arranged for a survey and worked with NOAA to identify the location of the Drydock and assess the damage to the environment caused by the sinking. Dkt. #15 at ¶¶ 45.

On March 16, 2020, Western filed this action against Vigor alleging breach of maritime contract and seeking a declaratory judgment that Western was not responsible for the sinking of the Drydock in the Marine Sanctuary. Dkt. #1 at ¶¶ 17-26. On May 20, 2020, Vigor answered the complaint with counterclaims, including a claim that Western was unjustly enriched by Vigor's expenditures incurred to reduce or minimize the amount of the NOAA penalty assessment. Dkt. #15 at ¶¶ 40-45. On March 1, 2021, Western filed this unopposed motion seeking to compel production of documents related to Vigor's counterclaim for unjust enrichment in connection with its work with NOAA. Dkt. #23.

### III. DISCUSSION

#### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B. Western's Motion to Compel

Western's motion to compel seeks production of documents related to Vigor's unjust enrichment counterclaim. Dkt. #23. Specifically, Western requests production of (1) any documents related to the investigation it conducted with NOAA; (2) communications with NOAA and/or with Drydock owner Amaya Curiel regarding the Drydock's sinking, including the ROV expedition Vigor conducted in July 2018; (3) communications related to the survey Vigor participated in, including instant messages and chats; (4) any post-incident reports, investigations, analysis or other evaluations that Vigor conducted related to the Drydock sinking; (5) all photographs, videos, or digital or motion pictures relevant to this action; (6) all documents that support or relate to Vigor's counterclaims. Dkt. #23 at 4-10. Given that Vigor has failed to file a response, Western's motion is unopposed.

Under this district's local rules, a party's failure to file an opposition to a motion may be construed as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). Having considered Western's motion, the Court finds that the requested documents may reasonably lead to information relevant to Vigor's unjust enrichment counterclaim. Given Vigor's failure to respond to the instant motion, it has not met its burden to show why any of these requests should be denied. *Blankenship*, 519 F.2d at 429. Accordingly, the Court GRANTS Western's motion.

//

## IV. CONCLUSION

Having reviewed Plaintiff's motion, the exhibit attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Western Towboat Company's Motion to Compel, Dkt. #23, is GRANTED. Within fourteen (14) days of the date of entry of this Order, Defendant shall produce to Plaintiff the documents requested therein.

Dated this 13th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE