THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTERN TOWBOAT COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>VIGOR MARINE, LLC,<br><br>            Defendant. | IN ADMIRALTY<br><br>Case No. 2:20-cv-00416-RSM<br><br>VIGOR'S CORRECTED SURREPLY |

Vigor submits this surreply pursuant to LCR 7(g) to address Western's request to strike Vigor's expert declarations and exhibits. *See* ECF No. 55 at pgs. 4-7. This surreply is based on the facts set forth in the Declaration of David Boyajian, filed herewith.

## **SURREPLY**

Vigor admittedly failed to meet the Court's March 5 deadline to disclose expert reports.[1] However, under Fed. R. Civ. P. 37(c)(1), the Court has broad discretion to excuse Vigor's late disclosure where Vigor can show that it was substantially justified or harmless. In *Lanard Toys, Ltd. v. Novelty, Inc.,* 375 Fed. App'x. 705, 713 (9th Cir. 2010), the Ninth Circuit explained that Rule 37(c)(1) did not "strip the district courts of discretion to allow expert testimony in appropriate circumstances; to the contrary, it contains an express

---

[1] As described in the Boyajian Declaration, Vigor did produce reports to Western and make its witnesses available in advance of filing for summary judgment.

VIGOR'S CORRECTED SURREPLY: 2:20-cv-00416-RSM - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

exception under which a failure timely to serve an expert report may be excused if the failure was substantially justified or is harmless." There are four factors to consider in determining whether a violation was justified or harmless: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in the untimely disclosure. *Id.* (finding no abuse of discretion in court's decision to allow late disclosed experts to testify).[2]

This is not a case where a party sought to gain a strategic advantage or failed to act diligently. Mr. Boyajian's declaration shows that Vigor justifiably believed that the parties agreed to informally amend the deadlines to accommodate Westerns' delayed production of witnesses. Western knew well in advance who Vigor's experts were, their areas of expertise, and that Vigor intended to produce its expert reports after deposing Westerns' witnesses—something Vigor first sought to do months before the disclosure deadline. The parties had multiple discussions about the timing issues given Westerns' delay. In the end, Vigor produced its reports one to seven weeks late, shortly after Western finally produced its fact witnesses, and several months before trial. Western has declined open offers to depose Vigor's experts, both before and after the discovery window closed. Thus, there was no surprise or prejudice to Western and the first *Lanard Toys* factor weighs in favor of allowing Vigor's experts to testify. (These facts also support a finding of harmlessness).

Similarly, there remains opportunity for Western to cure any alleged prejudice from Vigor's tardy disclosure. Western declined offers to depose these witnesses after receipt of

---

[2] Using the *Lanard Toys* analysis, numerous courts have declined to exclude expert testimony. *Holen v. Jozic*, 2018 U.S. Dist. LEXIS 188479 at * 12-13 (W.D. Wash. Nov. 2, 2018) (untimely disclosure was harmless where, among other factors, the violating party stipulated to allow the other party to depose the witnesses after the discovery deadline, the parties had agreed to conduct additional discovery beyond the deadline, and the reports were only one month late); *Smugglers Cove, LLC v. Aspen Power Catamarans*, LLC, 2020 U.S. Dist. LEXIS 26337 at *4-5 (W.D. Wash. Feb. 14, 2020); *Harris v. Amtrak*, 2020 U.S. Dist. LEXIS 7253 at *5-9 (W.D. Wash. Jan. 15, 2020); *Edwards v. Nike Retail Servs.*, 2012 U.S. Dist. LEXIS 157822 at *14-15 (E.D. Cal. Nov. 2, 2012).

VIGOR'S CORRECTED SURREPLY: 2:20-cv-00416-RSM - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

1  their full reports, an indication that they do not need these depositions.  Nevertheless, there
2  are five weeks before trial and Vigor is willing to produce these witnesses at Western's
3  convenience.  The second *Lanard Toys* factor should also weigh in favor of excusing Vigor's
4  late disclosure.

5  As to the third factor, there can and will be no disruption of trial.  This Court has
6  already denied Vigor's request for an extension.

7  Finally, as the Boyajian Declaration makes clear, there was no bad faith or
8  willfulness in Vigor's late disclosure.  It was based on an understanding (or
9  misunderstanding) that the parties had agreed to cooperate to schedule depositions around
10 Westerns' working schedules and to informally amend the expert deadline accordingly.
11 While Vigor's conduct was not faultless, there is no indication of bad faith or willfulness.

12 Even where a violation of Rule 26 is not substantially justified or harmless, the rules
13 do not require the severe sanction of exclusion.  Rule 37(c)(1) makes clear that "instead of"
14 exclusion, the court may order payment of the reasonable expenses caused by the failure or
15 may impose "other appropriate sanctions."  Courts have broad discretion to fashion a remedy
16 that fits the circumstances.  *Koho v. Forest Labs. Inc.,* 2015 U.S. Dist. LEXIS 180860 (W.D.
17 Wash. March 31, 2015) ("the appropriate remedy for plaintiff's noncompliance with Rule 26
18 is not the exclusion of Healy's testimony.  Instead, plaintiff must submit a revised and more
19 extensive expert report . . . and Healy must submit to a deposition of up to three hours"). To
20 prohibit Vigor from relying on its experts in these circumstances is too severe a sanction for
21 conduct arising from a genuine misunderstanding.  Should the Court find sanctions are
22 warranted, Vigor submits that sanctions in line with *Koho* would be more appropriate.

## **CONCLUSION**

24 Vigor respectfully requests that the Court deny Western's attempt to exclude Vigor's
25 witnesses and, under these unique circumstances, exercise its discretion to allow Vigor's
26 experts to testify.

VIGOR'S CORRECTED SURREPLY: 2:20-cv-00416-RSM - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981


Case 2:20-cv-00416-RSM   Document 60   Filed 05/24/21   Page 4 of 5

Dated this 24th day of May, 2021.

      SCHWABE, WILLIAMSON & WYATT, P.C.

By:   */s/ Molly J. Henry*
     David R. Boyajian, WSBA #50195
     Email: dboyajian@schwabe.com
     Noah Jarrett, WSBA #31117
     Email: njarrett@schwabe.com
     Adam P. Murray, WSBA #48553
     Email: amurray@schwabe.com
     Molly J Henry, WSBA #40818
     Email: mhenry@schwabe.com
     1211 SW 5th Ave., Suite 1900
     Portland, OR 97204
     *Attorneys for Vigor Marine, LLC*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

**CERTIFICATE OF SERVICE**

I hereby certify that on 24th day of May, 2021, I served the following VIGOR'S CORRECTED SURREPLY on:

Anthony J. Gaspich
Gaspich Law Office PLLC
8094 Barthrop Pl. NE
Bainbridge Island, WA 98110
tony@gaspichwilliams.com

J. Stephen Simms (pro hac vice)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, MD 21030
jssimms@simmsshowers.com

☒ by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all associated counsel.

*/s/ Molly J. Henry*
Molly J Henry

PDX\MJHE\30918793.1

CERTIFICATE OF SERVICE - 1