UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTERN TOWBOAT COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>VIGOR MARINE, LLC,<br><br>    Defendant. | No. C20-0416-RSM<br><br>ORDER GRANTING DEFENDANT VIGOR MARINE'S 7(i) TELEPHONIC MOTION TO EXCUSE UNTIMELY DISCLOSURE OF EXPERT REPORTS |

This matter comes before the Court pursuant to Defendant Vigor Marine, LCC ("Vigor")'s Local Rule 7(i) telephonic Motion to Excuse Untimely Disclosure of Expert Reports. *See* Local Rules W.D. Wash. LCR 7(i). Having considered parties' arguments and relevant portions of the record, the Court GRANTS Vigor's telephonic motion.

The Court need not set forth a complete background given its previous orders in this matter. *See* Dkts. ##45, 46. Parties' cross-motions for summary judgment are currently pending, with a bench trial set for June 28, 2021. At issue in this motion are reports for four of Vigor's expert witnesses disclosed after the March 5, 2021 deadline: (1) Ken Campbell, disclosed on March 12; (2) Capt. Russ Johnson, disclosed on March 27; (3) Tom Gilmour, disclosed on April 21; and (4) Mike Naylor, report disclosed on April 23. In its reply brief

moving for summary judgment, Plaintiff Western Towboat Company ("Western") requested that the Court not consider Vigor's untimely expert disclosures. Dkt. #55 at 4-5. Although Western has not formally moved for sanctions pursuant to Fed. R. Civ. P. 37(c), Vigor requested a telephonic hearing pursuant to LCR 7(i) to determine whether its failure to comply with the March 5 deadline warrants exclusion of the four expert reports.

Federal Rule of Civil Procedure 37(c) authorizes the imposition of sanctions against a party who fails to identify a witness or to provide information as required under Federal Rule of Civil Procedure 26(a) or (e). Fed. R. Civ. P. 37(c). In general, the Rule provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The burden falls on the party facing exclusion to demonstrate that their failure to disclose was either substantially justified or harmless. *Holen v. Jozic*, No. C17-1147JLR, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018). "District courts are given 'particularly wide latitude' in determining whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1)." *Id.* (quoting *Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)).

Having heard parties' arguments, the Court finds no clear harm to Western that would result from allowing Vigor's untimely expert disclosures. In considering whether a violation of a discovery deadline is justified or harmless, courts consider (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

First, the Court finds minimal prejudice or surprise to Western caused by Vigor's disclosures. The Campbell and Johnson reports were disclosed less than a month after the expert disclosure deadline and more than three months before trial. Courts have found that a one-month late expert disclosure is not sufficiently prejudicial to warrant exclusion. *Id.* at *5; *see also Granados v. N. Nev. High Speed, LLC*, No. 3:14-cv-00081-LRH-VPC, 2014 WL 5503118, at *5 (D. Nev. Oct. 30, 2014) (plaintiff's delayed disclosure one month after the expert disclosure deadline was not "the type of harm" contemplated by Fed. R. Civ. P. 37(c)(1)). Furthermore, as early as March 5, 2021, Western was aware of Vigor's belief—whether justified or not—that parties would wait to submit complete expert reports until after expert depositions concluded. *See* Dkt. #24 at ¶ 7 ("As fact discovery is ongoing, Vigor reserves the right to add additional experts to this disclosure, and will amend same as necessary."); *cf. Olson v. Uehara*, No. C13-0782RSM, 2014 WL 5605048, at *1 (W.D. Wash. Nov. 4, 2014) (excluding untimely expert disclosure where the party failed to identify the expert witness and provided no information "other than a general description of areas of potential testimony.").

Second, Western had ample opportunity to mitigate any prejudice caused by Vigor's untimely disclosures. The Court does not minimize Vigor's failure to comply with case deadlines. *See* Dkt. #45 (Order denying motion to extend case deadlines). However, given Western's knowledge since March 5 of Vigor's intent to supplement its reports, compounded by Western's refusal to extend case deadlines, Western had ample opportunity to cure its prejudice yet chose not to do so. *See Holen*, 2018 WL 5761775, at *5 ("Although BLT's disclosure of Mr. Knowles and Ms. Berndt was late, Mr. Holen had sufficient time to depose these witnesses before the discovery deadline, which would have cured any prejudice."). Notwithstanding parties' June 28, 2021 trial date, Vigor's witnesses remain available to depose

should Western choose to do so before trial.

Third, allowing the testimony is unlikely to disrupt trial. The Court acknowledges that including these four experts may require additional depositions. However, Vigor maintains that it can make these witnesses available within the week, should Western choose to depose them. The Court finds that on this timeline, deposing Vigor's experts would not cause additional disruption to the case schedule.

Finally, the Court finds no evidence that Vigor acted willfully or in bad faith when it belatedly submitted its expert reports. It appears that Vigor believed—albeit naively—that Western would agree to extend case deadlines due to parties' delayed discovery process, and consequently waited until March 30 to seek relief. *See* Dkt. #28.

In light of these factors, the Court finds that Vigor's late disclosure of its expert reports was harmless. Accordingly, the Court GRANTS Vigor's motion to excuse its untimely expert disclosures. To the extent parties need to take Mr. Campbell's, Mr. Johnson's, Mr. Gilmour's, or Mr. Naylor's depositions, these depositions must be completed no later than **fourteen (14) days** from the date of this Order.

IT IS SO ORDERED.

Dated this 27th day of May, 2021

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT VIGOR MARINE'S 7(i) TELEPHONIC MOTION
TO EXCUSE UNTIMELY DISCLOSURE OF EXPERT REPORTS  - 4