UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTERN TOWBOAT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VIGOR MARINE, LLC,<br><br>Defendant. | Case No. C20-0416-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION RE: ORDER ON MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Defendant Vigor Marine, LLC ("Vigor")'s Motion for Reconsideration, Dkt. #154, regarding this Court's Order, Dkt. #153, granting in part Vigor's Motion for Attorney Fees, Dkt. #134. Plaintiff Western Towboat Company ("Western") opposes the Motion. Dkt. #157.

On May 12, 2023, this Court ordered that Vigor was the substantially prevailing party and entitled to its reasonable attorney fees and costs. Dkt. #133. On June 1, 2023, Vigor filed its Motion for Attorney Fees and Costs, which included a document, A2, containing fees Vigor claims but had "written off" to its client. Dkts. #134, #135-2. Western opposed Vigor claiming these fees. Dkt. #136 at 11-13.

ORDER GRANTING MOTION FOR RECONSIDERATON - 1

During oral argument on March 22, 2024, the following exchange occurred between this Court and Vigor's attorney:

> THE COURT: And then your motion says that Exhibit A2 reflects time for which Schwabe did not charge Vigor, so are the fees in A2 being claimed here?
>
> MR. BOYAJIAN [attorney for Vigor]: No, Your Honor, those are fees we did not charge Vigor, I believe.  If that's what it says in our motion, then that's what it is.

Considering Mr. Boyajian's answer of "No" to the Court's yes-or-no question of "are the fees in A2 being claimed here[,]" the Court understands Vigor to be conceding the written off fees listed in A2 and did not award these fees.  Dkts. #152 at 20, #153 at 8.  However, Vigor argues that it did not concede these fees, and this was simply a misunderstanding of Mr. Boyajian's answer at oral argument, which was meant to emphasize that Vigor was claiming what it included in its Motion for Attorney Fees.  Dkt. #154 at 4 (Mr. Boyajian's "primary point was, 'If that's what it says in our motion, then that's what it is.'  Vigor's fee motion and reply brief leave no room to doubt that Vigor claimed the write-off fees.").

"Motions for reconsideration are disfavored."  LCR 7(h)(1).  "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  *Id*.  "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling."  LCR 7(h)(2).

In Western's Response, Western argues that "[t]his Court heard (and the hearing transcript confirms) Vigor counsel exactly.  This Court made no misapprehension."  Dkt. #157 at 4.  However, as Vigor points out, Vigor argued later at oral argument that it was entitled to

ORDER GRANTING MOTION FOR RECONSIDERATON - 2

these very fees it included in its original Motion.  See. Dkts. #134, 152 at 21-22, #154 at 4.  It appears clear to the Court that Vigor's supposed concession of the A2 written off fees was a misapprehension resulting in error.

Furthermore, Western's continued argument that "hours not properly billed to one's client also are not properly billed to one's adversary" does not turn the tide in Western's favor here. Dkt. #157 at 1 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The Court distinguishes *Hensley v. Eckerhart* from the case at hand.  There, the U.S. Supreme Court was emphasizing that attorneys should use "billing judgment" in fee setting and should not include hours not "reasonably expended" due to overstaffing, excessive hours, and the like.  *Id*.  Here, Vigor's attorneys state that they used "billing judgment" to exclude hundreds of thousands of dollars in fees that were "excessive or for some other reason not reasonable[.]" Dkt. #135 at 4.  The Court also deducted Vigor's fee award by 10% for lack of clarity, block billing, and unproperly requested fees), and the Court further deducted fees by 20% for disproportionality to the damages award at trial.  Dkt. #153 at 11-12.  As this Court already stated, "'concerning whether [Vigor] incurred the expenses itself is irrelevant to our resolution of this issue, as evidence by cases which recognize that attorney fees may be awarded to a party who received the assistance of pro bono counsel.'"  Dkt. #153 at 7 (quoting *Frank Coluccio Constr. Co., Inc. v. King County*, 136 Wn. App. 751, 780 (2007)). The Court concludes that Vigor properly requested the fees listed in document A2 and should be awarded this amount, less the original deductions imposed.

In sum, the Court concludes that Vigor's requested attorney fees and costs of $1,572,457.03 shall be reduced by the following:

1) The conceded fees of $204.77 to the Washington Club, $121 for dinner, and $5,050 in fees for preparing the notice documents, leaving a total of $1,567,081.26;

ORDER GRANTING MOTION FOR RECONSIDERATON - 3

2) A 10% reduction due to lack of clarity, block billing ,and unproperly requested fees ($156,708.13 from the total requested amount);

3) A 20% reduction for disproportionality ($313,416.25 from the total requested amount).

This amounts to a $1,096,956.88 award to Vigor for attorney fees and costs.

For the reasons stated above, Defendant Vigor Marine, LLC's Motion for Reconsideration, Dkt. #154, is GRANTED. Defendant Vigor Marine, LLC is awarded attorney fees and costs in the amount of $1,096,956.88 for substantially prevailing against Defendant Western Towboat Company at trial.

DATED this 29th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE